# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DRAPER FRANK WOODYARD, #183250,** :

    **Plaintiff,** :

**vs.** :     CIVIL ACTION 22-0183-TFM-MU

**J. KING,** *et al.,* :

    **Defendants.** :

## REPORT AND RECOMMENDATION

Plaintiff Draper Frank Woodyard, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint (Doc. 1), it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    **I. Legal Standards for Screening a Complaint for Maliciousness.**

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff misrepresents his prior litigation history on a complaint form requiring disclosure of such

history and signs the complaint under penalty of perjury, as such is an abuse of the judicial process.  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *see also, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming the dismissal without prejudice of an action as malicious where the prisoner responded "yes" to the complaint form's question about filing a prior lawsuit over his imprisonment, signed the complaint under penalty of perjury, and listed one lawsuit but did not list his two other lawsuits)[1]; *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (affirming the dismissal of an action as malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no actions dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (relying on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases on his complaint signed under penalty of perjury even though he had filed two other federal cases within the

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

preceding month), *cert. denied*, 562 U.S. 1013 (2010).

## II. Analysis.

In the present action, Plaintiff responded with "no" to the complaint form's question if he had filed other lawsuits in state or federal court dealing with same or similar facts and with "yes" to the complaint form's question if he had filed other lawsuits in state or federal court relating to his imprisonment. (Doc. 1 at 2, PageID.2). Plaintiff identified one lawsuit that he previously filed, *Woodyard v. J. King, et al.*, CA No. 21-0336-TFM-MU (S.D. Ala. pending). (Doc. 1 at 3, PageID.3). Plaintiff then signed his complaint under penalty of perjury. (*Id.* at 7, PageID.7).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered from its examination of PACER (Public Access to Court Electronic Records)[2] that Plaintiff did not disclose his other non-habeas actions concerning his imprisonment, namely, *Woodyard v. Peck, et al.*, CA No. 5:19-cv-01850-ACA-JEO (N.D. Ala. 2020); *Woodyard v. Ala. Dep't of Corr.*, *et al.*, CA No. 5:19-cv-01959-LSC-JEO (N.D. Ala. 2020); *Woodyard v. Ala. Dep't of Corr.*, *et al.*, CA No. 5:20-cv-02013-AMM-HNJ (N.D. Ala. 2021); *Woodyard v. Corizon Med. Serv., et al.,* CA No. 5:20-cv-02021-AKK-HNJ (N.D. Ala. 2021); *Woodyard v. Dyette, et al.,* CA No. 5:21-cv-01060-RDP-HNJ (N.D. Ala. 2021); and *Woodyard v. Ala. Dep't of Corr., et al.,* CA No. 1:12-cv-00566-TFM-N (S.D. Ala. 2018).

After discovering and reviewing these prior actions, the Court finds that Plaintiff did not provide information requested by the complaint form about his prior actions.

---

[2] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).

(Doc. 1 at 2, Page ID.2). Therefore, the Court concludes that when Plaintiff filed the present complaint, he chose not to list his prior actions and then signed his complaint under penalty of perjury. (*Id.* at 7, PageID.7).

The information requested by the complaint form about a prisoner plaintiff's prior actions assists the Court in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When this information is not provided by the prisoner, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more resources and time. (*Id.*).

Furthermore, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that the "pleading, written motion, or other paper . . . to the best of [his] knowledge, information and belief, formed after an inquiry[,] . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED.R.CIV.P. 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Plaintiff was not truthful in his complaint about his prior litigation, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the undersigned would not recommend this action's dismissal without

4

prejudice is if the present action could not be re-filed due to the expiration of the two-year statute of limitations for filing a § 1983 action in Alabama. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); *see Stephenson v. Warden, Doe*, 554 F. App'x 835, 838 (11th Cir. 2014) (if the statute of limitations has expired, lesser sanctions should be considered); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (same).

An examination of the complaint reveals that Plaintiff identified his claims as occurring from November 16, 2021 to December 1, 2021. (Doc. 1 at 4, PageID.4). Plaintiff's description of his claims supports these dates. Briefly, Plaintiff alleges that Defendant Officer J. King assaulted him on November 16, 2021 (Doc. 1 at 4, PageID.4), and Defendant Warden McClain sprayed mace in his cell on December 1, 2021 because of Plaintiff's pending litigation against him. (*Id.* at 8, PageID.8). Plaintiff alleges that these actions were taken in retaliation for his litigation challenging his twenty-three-year sentence under the Habitual Offender Act. (*Id.* at 9, PageID.9).

After reviewing the complaint's allegations, it readily apparent that the two-year statute of limitations has not expired on Plaintiff's claims that began on November 16, 2021. Thus, if this action is dismissed, Plaintiff will be able to refile his claims because the statute of limitations has not expired.

### III. Conclusion.

Therefore, based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 7th day of July, 2022.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**